# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 13-214V
Filed: September 12, 2016
Not for Publication

```
*************************************
ISIDRA DURWIN,                      *
                                    *
            Petitioner,             *
                                    *    Attorneys' fees and costs decision;
v.                                  *    reasonable attorneys' fees and
                                    *    costs
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
*************************************
```

Danielle A. Strait, Washington, DC, for petitioner.
Lynn E. Ricciardella, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 26, 2013 petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged she suffered a vaccine-related injury to her left arm as a result of her receipt of the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on December 22, 2011. On February 1, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

On July 29, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

1

requests attorneys' fees in the amount of $38,825.30 and attorneys' costs in the amount of $9,200.76, for a total request of $48,026.06.  In compliance with General Order #9, petitioner's counsel stated that petitioner did not incur any costs in pursuit of her claim.  Fee App. ¶ 3.

On August 15, 2016, respondent filed a response to petitioner's motion explaining that she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).  Resp. at 2.  However, respondent states that her "estimation of reasonable attorneys' fees and costs for the present case roughly falls between $14,000.00 and $21,000.00."  Id. at 3.  Respondent bases this estimate on a "survey of fee awards in similar cases and her experience litigating Vaccine Act claims."  Id.

On August 25, 2016, petitioner filed a reply to respondent's response to her application for attorneys' fees and costs.   In her reply, petitioner objects to respondent's method of providing a range of reasonable attorneys' fees and costs.  She argues that the amount of attorneys' fees and costs she requests is reasonable and should be awarded in full.  Reply at 5.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Respondent bases her range on "experience in similar cases under the Vaccine Act."  Resp't's Resp. at 3.  The undersigned does not find respondent's argument that she should base her award on respondent's range persuasive.  It is not necessarily instructive to compare cases involving similar procedural histories in order to determine the appropriate amount of attorneys' fees and costs.  Each case in the Vaccine Program is different.  Even petitioners alleging the same vaccine injury may have vastly dissimilar medical histories, and, consequently, different numbers of medical records petitioners' attorneys need to locate, file, and review.

 Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that petitioner's attorneys' fees and costs request is reasonable.  Therefore, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs.  Accordingly, the court awards **$48,026.06**, representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioner and Maglio, Christopher and Toale, PA in the amount of **$48,026.06**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

Dated: September 12, 2016                                                                  s/ Laura D. Millman
                                                                                                               Laura D. Millman
                                                                                                               Special Master